JOHN G. WINTER *et al.*, plaintiffs in error, *vs.* THE EAGLE AND PHENIX MANUFACTURING COMPANY, defendant in error.

1. This court will not control the discretion of the circuit court in granting a new trial unless that discretion has been grossly abused. The case will be tried again, and nobody can be badly hurt.

2. Newly discovered testimony to the effect that the ancestor of the plaintiffs signed, as secretary of the Rock Island Paper Mills Company, a mortgage of the property sued for, is pertinent, and sufficient to authorize the grant of the new trial, when defendant claims under said Rock Island company, and plaintiffs, as heirs of the ancestor; and when such evidence is supported by the affidavits of the parties who negotiated in respect to the mortgage, tending to show that the ancestor had, prior to said mortgage, made a deed in fee to the property mortgaged to said Rock Island Paper Mills Company.

3. Nor can the defendant or its counsel be fairly charged with want of diligence in not sooner finding the record of the mortgage and the signature of the secretary thereto ; its title was a deed from one McAllister who bought of the Rock Island Company, and it can hardly be said that it was so grossly negligent in not searching the mortgages made by one not its immediate vendor, as to require this court to hold that the judge below grossly abused his discretion in not withholding the grant of the new trial for want of diligence on its part.

New trial.   Before Judge BUCHANAN.   Muscogee Superior Court.   November Term, 1875.

Reported in the opinion.

BLANDFORD & GARRARD, for plaintiffs in error.

PEABODY & BRANNON ; JAMES JOHNSON, for defendants.

JACKSON, Judge.

On the trial of this case the jury found for the plaintiffs on a chain of title from the state to their father. The defendant showed title from the Rock Island Paper Mills Company to one McAllister and from him to them. Some parol proof was also introduced by the defendant, endeavoring to show thereby, that they had built on the lot in controversy and expended large sums of money thereon within the knowledge of plaintiffs, or their father, under such circumstances as to make it inequitable in them to recover the land with the improvements; but for the purpose of illustrating the reasons for this decision it is unnecessary to go into that proof or to consider its legal effect. Other questions are also made in the motion for a new trial which we do not consider because it as unnecessary, the new trial having been granted below on the newly discovered testimony alone, and our view of that ruling controlling the case, at least the grant of this motion, without considering the other grounds.

1, 2. The motion is based upon the discovery by the defendant, since the trial, of a mortgage deed made by the Rock Island Paper Mills Company, to the Mechanics' Bank of Augusta, *signed by George W. Winter*, the father of the plaintiffs, and as whose heirs-at-law they sued, *as secretary of the Rock Island Paper Mills Company*. The significance of this testimony lies in the fact that the Rock Island Company sold the land to McAllister and McAllister to defendant. The fact that George W. Winter, in whom the fee to this land was vested, should sign a mortgage to the same, acknowledging the fee in another, so far as his signature as secretary of that other could do so, is a circumstance which might have great weight with the jury, in connection with the other circumstances of the case, tending to cast suspicion upon the *bona fides* of the plaintiffs' claim to the land. It is in the nature of an estoppel, and furnished the court below with grounds, in its judgment, sufficient to grant the new trial. It is supported, too, by affidavits of William T. Gould, the counsel of

the Mechanics' Bank, Milo S. Hatch, the president, and Alfred Baker, one of the directors, who, while they do not positively affirm that they ever saw a deed from George W. Winter to the Rock Island Company, depose to facts and circumstances making the presumption very strong in connection with Winter's signature, as secretary, to the mortgage, that such a deed had been made. At all events these affidavits and this discovery rendered it proper, we think, to look further into this important case involving a large and valuable property, and it would be an abuse of the powers vested in this, as an appellate court, to control the court who tried the case from further investigation and another trial thereof.

3. Nor will we control him in his judgment on the question of diligence. Counsel are excusable, perhaps, for not looking into all the mortgages made by the various vendors of this land, and hence in not finding the name of George W. Winter to one of them as secretary. The court below did not hold them to greater diligence, and we will yield to his discretion in this as in the other parts of this ground of the motion for a new trial—the newly discovered testimony and the elements that enter into it as a proper ground for such a motion.

Judgment affirmed.